UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RUBY SANDS LLC,<br>Plaintiff,<br>v.<br>CADENCE BANK, N.A.,<br>Defendant. | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Ruby Sands LLC ("Ruby Sands") demands a jury trial and complains against Defendant Cadence Bank, N.A. ("Cadence"), and states as follows:

## THE PARTIES

1. Ruby Sands is a corporation organized and existing under the laws of the State of Texas, conducting business in this judicial district.

2. On information and belief, Cadence is an Alabama association with its headquarters located at 2100 Third Avenue North, Birmingham, Alabama 35203, and conducts business in this judicial district.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Ruby Sands is informed and believes, and based thereon alleges, that Cadence is doing business and committing acts of infringement of the patent identified below in this judicial

district, and is subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT

6. On May 10, 2005, U.S. Patent No. 6,891,633 ("the '633 Patent") was duly and legally issued to Xerox Corporation, naming Ken Hayward, Marc J. Krolczyk, Dawn M. Marchionda, Thomas L. Wolf and James S. Laird as the inventors. The '633 Patent claims an invention entitled "Image Transfer System". On November 25, 2015, Xerox assigned all right, title and interest in and to the '633 Patent to Ruby Sands. A copy of the '633 Patent is attached to this Complaint as Exhibit 1.

7. The '633 Patent is directed to a novel image transfer system comprising a transfer device which can be operably connected to a computer. The system includes a reader for reading an image on a first medium, and a display for displaying an image transfer menu for effecting transfer of the image to perform a selected function. For example, the reader can be a mobile electronic device used to take a photograph of a first medium, i.e., check, and then offer on the display of the mobile electronic device a menu of different actions that can be selected to accomplish a particular task, e.g. deposit the check into a particular bank account. A downloadable app can transform the mobile device into the claimed image transfer device. Without the app, the mobile device cannot display the first type of menu, read the check, establish a connection with a computer, transfer the image to the computer, or display the second type of menu.

8. Claim 19 of the '633 patent is directed to a method for transferring information from a first medium (check) comprising the steps of providing an image transfer device (smart phone) having a scanner for reading an image on a first medium, reading the image with the scanner, uploading an image transfer menu to be displayed on the device from a computer

(Defendant's server) connected to the device, a processor of the device merging the data read by the scanner, and the device transferring the merged image to a second medium (the computer).

9. Claim 20 of the '633 patent is directed to the same method as Claim 19 with the added requirement that the device does not store the menu uploaded from the computer.

**CADENCE'S INFRINGING SYSTEM AND METHOD**

10. Without authority from Ruby Sands, Cadence makes, uses (including by having its employees test), markets and sells or otherwise provides an image transfer method that uses a reader for reading an image on a first medium, and a display for displaying an image transfer menu to perform a selected function, i.e., Cadence's Bank Mobile app ("The Accused Instrumentality") https://cadencebank.com/personal/everyday-banking/banking-go. Specifically, Cadence provides software in the form of a downloadable app, i.e. The Accused Instrumentality, to be used on mobile devices that enable the device at-issue, e.g., the mobile devices, to display the requisite menu to operate the app, and to read checks, and thus operate as the claimed image transfer systems with a reader and a display. The Accused Instrumentality transforms the mobile device into the claimed image transfer device. Without the app, the mobile device cannot display the first type of menu, read the check, establish a connection with a computer, transfer the image to the computer, or display the second type of menu. The Accused Instrumentality performs the systems and methods claimed by the '633 Patent.

11. Cadence "is a $9.2 billion regional bank with more than 65 branches . . . The bank's holding company, Cadence Bancorp, LLC, is headquartered in Houston, Texas." *See* https://en.wikipedia.org/wiki/Cadence_Bank.

12. On its website, e.g., https://cadencebank.com/flashdeposit-mobile-deposits, Cadence encourages and suggests to its customers to use The Accused Instrumentality in a way that infringes at least Claims 19 and 20 of the '633 Patent.

**COUNT I**
**DIRECT INFRINGEMENT**

13. Ruby Sands repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 12 above.

14. As a result of making, using (including having its employees internally test and use The Accused Instrumentality as alleged below), marketing, and providing The Accused Instrumentality, Cadence has directly infringed at least Claims 19 and 20 of the '633 Patent literally and/or under the doctrine of equivalents. As set forth *supra*, The Accused Instrumentality is specifically designed to perform each and every step set forth in at least Claims 19 and 20 of the '633 Patent and each use of The Accused Instrumentality will result in infringement of at least one claim of the '633 Patent.

15. Upon information and belief, Cadence directly infringed at least Claims 19 and 20 of the '633 Patent when it internally tested and used The Accused Instrumentality. Upon information and belief, Cadence employees and/or individuals under Cadence's control use The Accused Instrumentality to test the operation of The Accused Instrumentality and its various functions, in the manner set forth in the '633 Patent and described in detail in paragraphs 7 through 12 above. Ruby Sands therefore alleges that Cadence directly infringed the '633 Patent by using The Accused Instrumentality to perform the methods claimed by the '633 Patent.

16. Upon information and belief, Cadence also directly infringed at least Claims 19 and 20 of the '633 Patent when its employees use The Accused Instrumentality. Upon information and belief, Cadence employees and/or individuals under Cadence's control used The Accused

Instrumentality in the manner set forth in the ‘633 Patent and described in detail in paragraphs 7 through 12 above. Ruby Sands therefore alleges that Cadence directly infringed the ‘633 Patent by using The Accused Instrumentality to perform the methods claimed by the ‘633 Patent.

17. Since at least the date that this Complaint was filed, Cadence has willfully infringed at least Claims 19 and 20 of the ‘633 Patent by directly infringing the patent with knowledge of the patent and in spite of an objectively high likelihood that its actions constituted infringement of the ‘633 Patent.

18. Ruby Sands has suffered damages as a result of Cadence’s direct infringement of the ‘633 Patent.

**COUNT II**
**INDIRECT INFRINGEMENT**

19. Ruby Sands repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 18 above.

20. The Accused Instrumentality is particularly adapted for use in a manner that infringes at least Claims 19 and 20 of the ‘633 Patent. Specifically, as alleged *supra*, The Accused Instrumentality provides a method of transferring an image from a first medium, e.g., paper, to a second medium, e.g., a computer.

21. Cadence has been aware of the ‘633 Patent since at least the filing date of this Complaint, and upon information and belief was aware, or should have been aware, since at least such date that the use of The Accused Instrumentality constitutes direct infringement of the ‘633 Patent.

22. In spite of its knowledge of the ‘633 Patent, Cadence has continued to offer The Accused Instrumentality to its customers and has continued to encourage them to use The Accused

Instrumentality in a manner that infringes at least Claims 19 and 20 of the ‘633 Patent, intending that its customers use The Accused Instrumentality.

23. Upon information and belief, at least one of Cadence’s customers has used The Accused Instrumentality in a manner that infringes the ‘633 Patent since Cadence became aware of the ‘633 Patent.

24. Cadence indirectly infringes at least Claims 19 and 20 of the ‘633 Patent by inducing others to use The Accused Instrumentality in a manner that directly infringes the asserted claims. Cadence provides The Accused Instrumentality to the public and encourages and instructs them on how to use it, including by encouraging and instructing the use of each of the features claimed by the ‘633 Patent. Due to Cadence’s encouragement and instruction, Cadence customers that use The Accused Instrumentality directly infringe the ‘633 Patent by performing each element set forth in the ‘633 Patent and described in detail in paragraphs 7 through 12 above. Cadence has induced these infringing uses with full knowledge of the ‘633 Patent and with full knowledge that the use of use of The Accused Instrumentality as directed constitutes infringement of the ‘633 Patent.

25. Cadence indirectly infringes at least Claims 19 and 20 of the ‘633 Patent by contributorily infringing the patent through its provision of The Accused Instrumentality. Cadence customers that use of The Accused Instrumentality directly infringe the ‘633 Patent by performing each element set forth in the ‘633 Patent and described in detail in paragraphs 7 through 12 above. Since at least the filing date of this Complaint, Cadence has known that the use of The Accused Instrumentality infringes the ‘633 Patent, that the combination of The Accused Instrumentality as used on an image transfer device was patented and infringed the ‘633 Patent, and that such combination of components has no substantial non-infringing use.

26. Ruby Sands has suffered damages as a result of Cadence's indirect infringement of the '633 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ruby Sands prays for judgment against Defendant Cadence on all the counts and for the following relief:

A. Declaration that Ruby Sands is the owner of the right to sue and to recover for infringement of the '633 Patent being asserted in this action;

B. Declaration that Cadence has directly infringed, actively induced the infringement of, and/or contributorily infringed the '633 Patent;

C. Declaration that Cadence and its customers are jointly or severally responsible for the damages from infringement of the '633 Patent through the use of the Cadence Bank Mobile app;

D. Declaration that Cadence is responsible jointly or severally with its customers for the damages caused by the infringement of the '633 Patent through the use of the Cadence Bank Mobile app by Cadence's customers;

E. An accounting for damages under 35 U.S.C. § 284 for infringement of the '633 Patent by Cadence, and the award of damages so ascertained to Ruby Sands together with interest as provided by law;

F. Award of Ruby Sands' costs and expenses;

G. Award of Ruby Sands' attorney fees; and

H. Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Ruby Sands demands a trial by jury of all issues properly triable by jury in this action.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (ID #37451989)
Zimmerman & Paray
233 Watchung Fork
Westfield, New Jersey 07090
Tel: (908) 768-6408
Fax: (908) 935-0751
jmz@zimllp.com

Attorneys for Plaintiff Ruby Sands LLC

Dated: November 24, 2016