IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RUBY SANDS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK SOUTHWEST,<br><br>Defendant. | Lead Case No. 2:16-cv-1305<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FIRST NATIONAL BANK SOUTHWEST**

Defendant First National Bank Southwest ("Defendant") hereby responds to the Amended Complaint for Patent Infringement (Dkt. No. 3) (the "Complaint") filed by Plaintiff Ruby Sands LLC ("Plaintiff") as follows. Unless specifically admitted, all allegations and characterizations in the Complaint are denied:

**THE PARTIES**

1. Defendant lacks sufficient knowledge and information concerning the allegations contained in Paragraph 1 of the Complaint and therefore, denies the same.

2. Defendant denies it is a Texas association with its headquarters located at 2913 Legacy Drive, Plano, Texas 75203. Rather, First National Bank Southwest is a division of First National Bank of Omaha ("First National"), a national bank organized under the laws of the United States of America. First National maintains a branch bank at 2913 Legacy Drive, Plano, Texas 75203. The remaining allegations of Paragraph 2 of the Complaint constitute legal conclusions for which an answer is neither required nor provided. To the extent any response is required, the remaining allegations are denied.

## JURISIDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions for which an answer is neither required nor provided. To the extent any response is required, the allegations of Paragraph 3 are denied. However, Defendant is not contesting this Court has subject matter jurisdiction.

4. Defendant denies that it has committed acts of infringement of the patent identified in the Complaint in this or any other judicial district. The remaining allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent any response is required, the allegations of Paragraph 4 are denied.

5. Paragraph 5 contains a legal conclusion to which no response is required. To the extent any response is required, the allegations of Paragraph 5 are denied. Defendant denies that venue is proper.

## THE PATENT

6. Defendant admits that what purports to be a copy of the ‘633 Patent is attached as Exhibit 1 to the Complaint. The content of the patent speaks for itself. To the extent any further response is required, Defendant denies the remaining allegations contained in Paragraph 6.

7. Defendant admits that what purports to be a copy of the ‘633 Patent is attached as Exhibit 1 to the Complaint. The content of the patent speaks for itself. To the extent any further response is required, Defendant denies the remaining allegations contained in Paragraph 7.

8. Defendant admits that what purports to be a copy of the ‘633 Patent is attached as Exhibit 1 to the Complaint. The content of the patent speaks for itself. To the extent any further response is required, Defendant denies the remaining allegations contained in Paragraph 8.

9. Defendant admits that what purports to be a copy of the ‘633 Patent is attached as Exhibit 1 to the Complaint. The content of the patent speaks for itself. To the extent any further response is required, Defendant denies the remaining allegations contained in Paragraph 9.

**DEFENDANT’S ALLEGEDLY INFRINGING SYSTEM AND METHOD**

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

**COUNT I**
**ALLEGED DIRECT INFRINGMENT**

13. Defendant incorporates by reference its responses to Plaintiff’s previous allegations as if set forth fully herein.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

**COUNT II**
**ALLEGED INDIRECT INFRINGEMENT**

19. Defendant incorporates by reference its responses to Plaintiff’s previous allegations as if set forth fully herein.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

## PRAYER FOR RELIEF

To the extent Plaintiff's Prayer for Relief contains any allegations or statements to which a response is required, Defendant denies the same and, further, requests that the Court deny any and all relief to Plaintiff including, but not limited to, any relief expressly requested by Plaintiff in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Defendant joins in Plaintiff's request for a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses pursuant to Fed.R.Civ.P. 8(c). Defendant further reserves the right to amend its Answer to add affirmative defenses including, by way of example only, instances of inequitable conduct, as discovery proceeds in this case.

### FIRST AFFIRMATIVE DEFENSE

Defendant does not infringe, contribute to infringement, or induce infringement directly, or indirectly, any valid, enforceable claim of the '633 Patent, either literally or by application of the doctrine of equivalents. By asserting this defense, Defendant is not shifting the legal burden of proving infringement.

### SECOND AFFIRMATIVE DEFENSE

The '633 Patent is invalid under one or more of the provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiff is entitled to damages (which is expressly denied) any requested relief for any alleged infringement of the '633 Patent is limited by 35 U.S.C. § 286.

**FOURTH AFFIRMATIVE DEFNSE**

To the extent Plaintiff asserts that Defendant indirectly infringes, Defendant is not liable for the acts alleged to have been performed before Defendant knew that its actions could cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

In the Complaint, Plaintiff fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's requested relief is barred or otherwise limited by 35 U.S.C. § 288.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims of infringement under the '633 Patent are barred, in whole or in part, by the doctrine of laches, estoppel, unclean hands, and/or implied license.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice; judgment be entered in favor of Defendant; and that the Court award Defendant its costs, fees, and expenses to the extent allowed by law.

Respectfully submitted this 27th day of February, 2017.

FIRST NATIONAL BANK SOUTHWEST

*s/Jason S. Jackson*

Jason S. Jackson, NE #25030
KUTAK ROCK LLP
The Omaha Building
1650 Farnam St.
Omaha, NE 68102
Phone: (402) 346-6000

Fax: (402) 346-1148
jason.jackson@kutakrock.com

*LEAD ATTORNEY FOR DEFENDANT FIRST NATIONAL BANK SOUTHWEST*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document entitled **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FIRST NATIONAL BANK SOUTHWEST** was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system on this 27th day of February, 2017.

*s/Jason S. Jackson*
Jason S. Jackson